**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4150-17T1

IN THE MATTER OF RAMON
CAMILO, POLICE OFFICER
 (S9999R), CITY OF JERSEY CITY.

_____

Argued October 2, 2019 - Decided November 26, 2019

Before Judges Ostrer and Susswein.

On appeal from the New Jersey Civil Service Commission, Docket No. 2017-1441.

Robert K. Chewning argued the cause for appellant Ramon Camilo (Mc Laughlin & Nardi, LLC, attorneys; Maurice W. Mc Laughlin and Robert K. Chewning, on the briefs).

Chaunelle Christine Robinson, Assistant Corporation Counsel, argued the cause for respondent City of Jersey City (Peter J. Baker, Corporation Counsel, attorney; Chaunelle Christine Robinson and Scott William Carbone, Assistant Corporation Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioner, Ramon Camilo, appeals from a final agency decision of the Civil Service Commission (Commission) upholding his removal from a list of persons eligible for the position of Jersey City police officer. That decision was based on petitioner's "unsatisfactory background for the subject title." In view of the deferential standard of review that applies to this appeal, we affirm the Commission's decision.

Petitioner applied for employment as a police officer in Jersey City and was ranked on the list of eligible candidates. Jersey City requested that the Commission remove petitioner's name from the list based on past incidents detailed in a background investigation report. The Commission acceded to the municipality's request. Petitioner pursued an administrative appeal to the Commission, which upheld the decision to remove petitioner's name.[1] Petitioner appeals to us from that final agency decision.

---

[1] Petitioner contends for the first time in this appeal that the Commission should have referred the matter to the Office of Administrative Law (OAL) for a hearing before an Administrative Law Judge (ALJ). We reject petitioner's untimely request. Even if he had made a timely request to the Commission, that request would have been denied absent a demonstration that a "material and controlling dispute of fact exists that can only be resolved by a hearing." N.J.A.C. 4A:2-1.1(d). An evidentiary hearing before an ALJ was not necessary to resolve disputed facts. Rather, this case turns on a subjective evaluation of the weight to be given to historical facts that petitioner does not dispute.

A-4150-17T1

We begin our analysis by acknowledging the legal principles governing this appeal, including the standard of review that applies. A final decision by the Commission cannot be overturned on appeal unless it is affirmatively shown to be arbitrary, capricious, or unreasonable, or unless it is not supported by substantial credible evidence in the record as a whole. Karins v. City of Atl. City, 152 N.J. 532, 540 (1998); P.F. v. N.J. Div. of Developmental Disabilities, 139 N.J. 522, 529–30 (1995). Courts presume agency actions are valid and reasonable, and the burden is on petitioner to overcome those presumptions. Bergen Pines Cty. Hosp. v. N.J. Dep't of Human Servs., 96 N.J. 456, 477 (1984). We must affirm the decision if the evidence in the record supports it, even if we might have reached a different result in evaluating the evidence. Campbell v. N.J. Racing Comm'n, 169 N.J. 579, 587 (2001) (citing Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988)).

Under the arbitrary and capricious standard, the scope of judicial review is restricted. Generally,

> courts can intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or other state policy. Although sometimes phrased in terms of a search for arbitrary or unreasonable action, the judicial role is generally restricted to three inquiries: (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the

3

record contains substantial evidence to support the findings on which the agency bases its action; and (3) whether, in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[In re Musick, 143 N.J. 206, 216 (1996) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963))].

The Commission is authorized to remove an individual from an eligible list based on his or her background and its adverse relationship to the nature of the position. See N.J.A.C. 4A:4-4.7(a)(1) (permitting removal of an eligible [candidate] "from an eligible list for any of the . . . causes for disqualification listed in N.J.A.C. 4A:4-6.1"); N.J.A.C. 4A:4-6.1(a)(9) (permitting the denial of a person from examination eligibility or appointment for a sufficient reason). It is a long-established policy of this State, moreover, that municipal police officers are held to a high standard of integrity and public trust and confidence. As we stated in Moorestown v. Armstrong,

[i]t must be recognized that a police officer is a special kind of public employee. His primary duty is to enforce and uphold the law. He carries a service revolver on his person and is constantly called upon to exercise tact, restraint and good judgment in his relationship with the public. He represents law and order to the citizenry and must present an image of personal integrity and dependability in order to have the respect of the public.

4

We next briefly summarize the series of relevant incidents and circumstances in petitioner's background that are documented in the record. In 2007, petitioner failed to appear in court to answer charges for failing to exhibit documents to a police officer in violation of N.J.S.A. 39:3-29, and he was arrested pursuant to the warrant that was issued when he did not appear. He was eventually convicted of that offense. His driving record further shows that he was involved in three separate motor vehicle accidents occurring in 2005, 2007, and 2013. His driver's license was suspended from July to August 2007.

In 2010, a court issued a temporary restraining order (TRO) pursuant to the Prevention of Domestic Violence Act (PDVA) based on three separate police reports alleging harassment and terroristic threats. The court eventually vacated the TRO, and the court did not issue a final restraining order.

In May 2012, petitioner was convicted and fined for urinating in public. The Commission considered, and ultimately rejected, petitioner's arguments that attempted to explain and mitigate the negative incidents in his history. Petitioner argued that these incidents were youthful indiscretions, and he learned from these mistakes and has since matured. He argued that he has paid his debt to society for his municipal court convictions, which were resolved by paying

fines. He noted that the court vacated the TRO and that his driving privileges were restored and are currently in good standing. He also argued that his service as an EMT shows that he can safely operate an emergency vehicle.

The Commission found that petitioner was an adult at the time of these incidents and concluded that not enough time has elapsed to show that he has been rehabilitated. The Commission further concluded that petitioner's driving record shows a lack of respect for the laws of this State. Based on his arrest record and motor vehicle history, the Commission denied his administrative appeal and upheld the decision to remove his name from the eligible list.[2]

As we have already noted, we are constrained by the governing principles of law to affirm a final agency decision even if we were to question that decision and might have reached a different result. Campbell, 169 N.J. at 587 (citing Clowes, 109 N.J. at 588). We are precluded, in other words, from substituting our own judgment in place of the agency's judgment. In re Stallworth, 208 N.J. 182, 194 (2011) (citing In re Carter, 191 N.J. 474, 483 (2007)). The record before us shows that the Commission duly considered the substantial credible evidence regarding petitioner's past conduct with respect to his arrest and

---

[2] Jersey City also relied on other aspects of petitioner's background, upon which the Commission did not rely. Therefore, we do not address them.

driving history.  In doing so, the Commission also considered and responded to petitioner's arguments.  In these circumstances, petitioner has failed to show that the Commission's decision is not supported by sufficient credible evidence in the record or otherwise is arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4150-17T1